CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 11 2019

JULIA C. DUDLEY, CLERK
BY: /s/ D. Scaggs
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINDA RENE CODY, ) | |
| ) | |
| Appellant ) | Civil Action No. 7:19-MC-4 |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER MICALE, ) | By: Michael F. Urbanski |
| Chapter 13 Trustee, ) | Chief United States District Judge |
| ) | |
| Appellee ) | |

## MEMORANDUM OPINION

On February 13, 2019, appellant Linda Rene Cody, proceeding pro se, filed a notice of appeal in the United States Bankruptcy Court for the Western District of Virginia. In re Cody, No. 19-70043 (Bankr. W.D. Va. filed Jan. 11, 2019). ECF No. 31. She also filed a motion for leave to appeal, which was docketed as a miscellaneous case in this district court. Cody v. Micale, No. 7:19-MC-4 (W.D. Va., filed Feb. 14, 2019), ECF No. 1. On February 22, 2019, Cody filed a motion for appointment of counsel in this case because she is proceeding pro se and is seventy-five percent deaf. ECF No. 3. For the reasons discussed below, Cody's motion for leave to appeal the dismissal of her bankruptcy cause of action is **DENIED** because she does not need leave from this court to appeal, and her motion for appointment of counsel is **DENIED**.

## BACKGROUND

On January 11, 2019, Cody filed a Chapter 13 voluntary petition. ECF No. 1 in In re Cody, No. 19-70043. On January 14, 2019, the bankruptcy court entered a deficiency order,

noting that the petition was filed without several necessary forms and stating that the if the deficiencies were not cured within fourteen days that her case was subject to dismissal. On January 25, 2019, Cody filed several documents in response to the deficiency order.

On January 28, 2019, the City of Roanoke, Virginia ("the City") filed a motion to dismiss Cody's Chapter 13 bankruptcy petition for cause pursuant to 11 U.S.C. §707 and to declare the petition void ab initio. In the alternative, the City asked the court to retroactively approve the sale by the City of real estate owned by Cody pursuant to Section 58.2-3965 et seq., Code of Virginia (1950) as amended. An evidentiary hearing was held in the matter on February 4, 2019.

On February 5, 2019 the bankruptcy court entered an order dismissing the petition. The court noted that the petition was Cody's fourth attempt to prevent the sale of a parcel of real property she owns. The City had condemned the property as unsafe and unfit for human habitation in November 2015. Cody testified that she had continued to live there until at least January 2016. Records showed that she had not paid real estate taxes on the property since 2013 and owed at least $8,158.77 in taxes to the City.

The City twice attempted to sell the property for delinquent taxes, once in September 2017 and once in May 2018. Both times Cody filed Chapter 13 bankruptcy petitions and stopped the sales. Both petitions were dismissed for failure to file required documentation and in the dismissal of July 17, 2018 the bankruptcy court barred Cody from filing another bankruptcy petition for 180 days, or until January 13, 2019. ECF No. 27 at 2 in In re Cody, No. 19-70043.

In September 2018, the City sold the property and sought confirmation of the sale in Roanoke City Circuit Court. Prior to the Circuit Court's decision, Cody appealed the July 17, 2018 order dismissing her bankruptcy case and this court dismissed the petition. In re Cody, No. 7:18-CV-471 (W.D. Va. Nov. 19, 2018). By the time the Roanoke City Circuit Court confirmed the sale of the property on November 28, 2018, the buyer no longer wished to proceed with the sale. The City then obtained a decree from the Roanoke City Circuit Court setting aside the sale and authorizing the City to resell the property.

The City scheduled another sale of the property for January 15, 2019. Although 180 days had not passed since Cody's previous petition was dismissed, she filed the current Chapter 13 petition on January 11, 2019. The City went ahead with the sale of the property and then sought to dismiss Cody's bankruptcy petition as void ab initio or alternatively, asked for an order authorizing the City's sale of the property.

The bankruptcy court dismissed Cody's petition after making a number of findings. First, the court found that Cody's failure to satisfy the requirements of 11 U.S.C. § 109 rendered her ineligible to be a debtor. She had not obtained the requisite counseling in the 180-day period prior to the filing of the petition in accordance with 11 U.S.C. § 109(h)(1), but had waited until after filing the petition to do so. The court found it was compelled under In re Watson, 332 B.R. 740, 747 (Bankr. E.D. Va. 2005), and In re Louredo, No. 05-15846-SSM (Bankr. E.D. Va. Nov. 16, 2005), to dismiss the case. The court further determined that Cody had not shown cause for filing her petition prior to the expiration of the 180-day period, which also required dismissal.

In addition, the court found that Cody's repeated bankruptcy filings were a continued effort to thwart the City's attempt to exercise its rights in connection with the unpaid real estate taxes on her property. Her serial filings, combined with her continued disregard of the duties and obligations imposed upon her by the United States Bankruptcy Code and the court's prior order of dismissal, indicated that the petition was filed in bad faith and was an abuse of the provisions of the Bankruptcy Code. Finally, based on Cody's residence at a shelter and her stated sources of income, the bankruptcy court had no reasonable belief that Cody would be able to obtain confirmation of a viable Chapter 13 plan. ECF No. 27 in In re Cody, No. 19-70043.

## DISCUSSION

Cody seeks leave from this court to file an appeal of the bankruptcy dismissal. As a general rule, United States district courts have jurisdiction to hear appeals from bankruptcy courts of final judgements, orders, and decrees entered in cases and proceedings. 28 U.S.C. § 158(a)(1). Petitioners are required to seek leave of court prior to appealing some interlocutory orders and decrees. 28 U.S.C. § 158(a)(3). A final order "'ends litigation and leaves nothing for the court to do but execute the judgment.'" Thomas v. Grigsby, 556 B.R. 714, 718 (D. Md. 2016) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). An interlocutory order "decides some intervening matter that requires other action to enable the court to adjudicate the cause on the merits." Id. (citing In re Rood, 426 B.R. 538, 546 (D. Md. 2010)). Dismissal of a bankruptcy case is a final order because it "dooms the possibility of a discharge and the other benefits available to a debtor under Chapter 13." Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1692-1693 (2015).

In this case, the order dismissing the bankruptcy case was final, rather than interlocutory, because it dismissed Cody's petition entirely. Thus, Cody does not need to obtain leave to appeal the dismissal and her request for leave to appeal the dismissal is **DENIED**.

Cody also seeks appointment of counsel to represent her in this bankruptcy appeal. However, no provision of the Bankruptcy Code either requires or allows the appointment of counsel for a debtor appealing an adverse ruling. In re Eilerston, No. 3:96-600-17BC, 211 B.R. 526, 531 (D.S.C. 1997) (citing Graham v. Lennington, 74 B.R. 967 (S.D. Ind. 1987)). See also In re Villanueva, No. RWT 09cv1443, 2009 WL 3379934 (Bankr. D. Md. 2009) (noting that a bankruptcy proceeding is a civil matter and there is no right to appointment of counsel in a civil matter).

In Eilerston, the court noted that under 28 U.S.C. § 1915(d), a court has discretion to appoint counsel for an indigent party in a civil action, but it should be allowed only in exceptional cases. However, it is not clear that § 1915(d) applies to bankruptcy proceedings. See United States v. Kras, 409 U.S. 434, 441 (declining to find that 28 U.S.C. § 1915(a) applies to bankruptcy proceedings, but not discussing § 1915(d)). Even if § 1915(d) applies to bankruptcy proceedings, Cody has paid the filing fee and has not alleged indigency. In addition, although she asserts that she is seventy-five percent deaf, she has not stated any facts to indicate that her hearing loss prevents her from representing herself. Finally, a review of her case does not reveal any unusual circumstances that would justify the appointment of counsel. Accordingly, Cody's request for appointment of counsel is **DENIED**.

## CONCLUSION

Based on the foregoing, Cody's motions for leave to file an appeal and for appointment of counsel, ECF Nos. 1 and 3, are **DENIED**. The Clerk is directed to docket this case as a bankruptcy appeal and enter a briefing order.

Entered: 06/10/2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge